JAMES F. STRANGE, Mayor of Annapolis, Maryland,

*vs.*

JOHN J. LEVY.

*Referendum: Article XVI; to what applied; Section 31 of
Article III not superseded; time for statutes to take effect;
Chapter 205 of Acts of 1918; Annapolis water
works; immediate effect; constitutional.*

Article 16 of the Constitution (the Referendum) was not intended to apply to the Public Local Laws for any city, other than Baltimore.                                    p. 647

Article 16 does not supersede Section 31 of Article 3 of the Constitution (which fixes the time when statutes come into effect), which remains in full force except as to the cases provided for in Article 16.                              p. 648

It was perfectly competent for the Legislature to provide that Chapter 205 of the Acts of 1918 (creating the office of the President of the Annapolis Water Works Company), should go into effect immediately under Section 31 of Article 3 of the Constitution.                                    p. 648

The declaration of the Legislature that an act is an emergency act does not make it so if it does not, in fact, come under the purposes and provisions of Article 16 of the Constitution.
                                                    p. 648

*Decided June 25th, 1919.*

Appeal from the Circuit Court for Anne Arundel County. (Moss, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Adkins, JJ.

*George E. Rullman* and *Ridgely P. Melvin,* for the appellant.

*Nicholas H. Green,* for the appellee.

Adkins, J., delivered the opinion of the Court.

This is an appeal from an order passed on April 3rd, 1919, by the Circuit Court for Anne Arundel County declaring Chapter 205 of the Acts of the General Assembly of Maryland of 1918 unconstitutional, null and void "in so far as it attempts to create the municipal office of President of the Annapolis Water Company and provide for his appointment by the Mayor of Annapolis, and so far as said Act imposes upon the counselor and one of the minority members of the Board of Aldermen the duty of being directors of the Annapolis Water Company," and making perpetual a preliminary injunction passed by said Court on May 9th, 1918, restraining and enjoining James F. Strange, Mayor of Annapolis from appointing George T. Melvin, or any other person, as president of said Water Company.

The learned Court below based its decision on the ground that said Act was passed as an Emergency Law under Article XVI of the Constitution of Maryland, known as The Referendum, and therefore violates the proviso in section 2 of said Article "that no measure creating or abolishing any office, or changing the salary, term or duty of any officer, or granting

any franchise or special, privilege, or creating any vested right or interest shall be enacted as an emergency law."

The three questions argued on this appeal were:

1.  Was the appointment of George T. Melvin as President of the Water Company actually made before the granting of the preliminary injunction?

2.  Was any office created, or the salary, term or duty of any officer changed, within the meaning of said constitutional provision, by the Act of 1918?

3.  Assuming that the constitutional provision was violated by the attempt to make the Act an Emergency Law, did that render the entire Act unconstitutional?

In the view we take of this case it is unnecessary to consider any of these points. In our opinion the Act of 1918 does not come within the purview of Article XVI of the Constitution. That Article was clearly not intended to apply to public local laws for any city other than Baltimore City, there being no provision for a referendum except in cases of public general laws applicable to the State, and public local laws for a county or the City of Baltimore.

Section 3 (a) of the said Article is as follows:

"The referendum petition against an Act or part of an Act passed by the General Assembly, shall be sufficient if signed by ten thousand qualified voters of the State of Maryland, of whom not more than half shall be residents of Baltimore City, or of any one county; provided that any Public Local Law for any one County or the City of Baltimore, shall be referred by the Secretary of State only to the people of said County or City of Baltimore, upon referendum petition of ten per cent. of the qualified voters of said County or City of Baltimore as the case may be, calculated upon the whole number of votes cast therein respectively for Governor at the last preceding Gubernatorial election."

It is manifest that a public local law for the City of Annapolis does not come within the above quoted provision and

there is no other provision in Article XVI applicable to such an Act.

This Court decided in the case of *Beall* v. *State*, 131 Md. 669, that Article XVI did not supersede section 31 of Article 3 of the Constitution, but that said provision of the Constitution remained in full force except as to the cases provided for in Article XVI.

The declaration by the Legislature that an Act is an emergency act does not make it so if it does not come within the purposes and provisions of Article XVI. In our opinion it was perfectly competent for the Legislature to provide that the Act of 1918 should go into effect immediately under section 31 of Article 3 of the Constitution.

It follows that the Court below erred in declaring said Act unconstitutional and in granting the injunction.

*Decree reversed and bill dismissed, with
costs to appellant.*